BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00018-MCE-KJN |
| Plaintiff, | |
| v. | CONSENT  JUDGMENT OF FORFEITURE |
| APPROXIMATELY $11,400.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  In June 2013, the United States Drug Enforcement Administration ("DEA") was conducting a narcotics investigation in the Contra Costa County, California.  That investigation included, among other things, electronic surveillance of certain telephones.  In connection with the investigation, agents intercepted conversations from a Sprint telephone registered to Jones with assigned telephone number 510-932-0701 ("Jones's Telephone").  Jones, who was on state parole, had also given this phone number to the California Department of Corrections and Rehabilitation as his phone number.  During the course of June and July 2013, DEA agents intercepted numerous phone calls between Jones and various subjects of the ongoing narcotics investigation.

2.  The DEA commenced administrative forfeiture proceedings, sending

Consent Judgment of Forfeiture

direct notice to all known potential claimants and publishing notice to all others. On or about November 8, 2013, the DEA received a claim from Derrick Jones asserting ownership in the Defendant Currency.

3. The United States represents that it could show at trial that on June 25, 2013, Jones told one subject that he had purchased "Acti" (short for Actavis Promethazine with Codeine, a Schedule V controlled substance) and had about 12 ounces left. On June 26, 2013, agents intercepted a text message from a subject to Jones saying "let me bye date act up." Jones's Telephone responded the subject, "I got 5 onions of some good for you 6 real quick if you want it." The subject responded to Jones, "Hell ya."

4. The United States could further show at trial that on June 29, 2013 agents intercepted a call from a subject to Jones telling Jones that the subject wanted an "8 piece chicken" (short for eight ounces of marijuana). Jones acknowledged the request and the later in the date agents intercepted a call from Jones to the subject indicating that Jones was coming back from Pittsburg, CA with an "8 piece chicken."

5. The United States could further show at trial that over the course of the next several weeks, agents intercepted other communications between Jones and other subjects that were related to drug trafficking activity and firearms. Based on the electronic intercepts and other information, agents obtained a state search warrant for Jones's apartment.

6. The United States could further show at trial that on July 30, 2013, agents executed a federal search warrant at Jones' residence. Jones was located inside and detained by the agents. Officers located and seized a loaded handgun, two black digital scales, a baggie of marijuana, several bottles of Actavis Promethazine with Codeine, and numerous pieces of indicia in Jones' name. Inside a bedroom closet, in the pocket of an orange jacket, officers located the Approximately $11,400.00 in U.S. Currency ("Defendant Currency").

7. The United States could further show at a forfeiture trial that the

Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, Derrick Jones specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Derrick Jones agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Derrick Jones hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Derrick Jones shall hold harmless and indemnify the United States.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of the Consent Judgment of Forfeiture, $7,400.00 of the $11,400.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the $11,400.00 in U.S. Currency shall be returned to

Derrick Jones through his attorney Autumn R. Paine.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Derrick Jones waives the provisions of California Civil Code § 1542.

16. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated: September 3, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

Consent Judgment of Forfeiture